IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MERI-LYNN JORDAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:17-cv-01910-JAR |
| ) | |
| WALMART STORES EAST, L.P., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

This matter is before the Court on Plaintiffs' motion to compel discovery. (Doc. No. 22). Defendant opposes the motion. (Doc. No. 24). For the reasons set forth below, the motion to compel will be granted in part and denied in part.

## BACKGROUND

This premises liability slip-and-fall case was initially filed on November 18, 2016, in Missouri state court. Defendant timely removed the case to this Court on the basis of diversity jurisdiction, and Plaintiffs filed a first amended complaint on December 12, 2017. (Doc. No. 17). In the first amended complaint, Plaintiffs allege that the mats in the entryway of Wal-Mart Store No. 1188 were overlapping, resulting in the floor not being reasonably safe. Plaintiffs allege that although Defendant had a policy that floor mats are to be removed in the absence of wet weather, Defendant's employees ignored or failed to enforce this policy. As a result of Defendant's negligence, Plaintiffs allege that Plaintiff Meri-Lynn Jordan fell on overlapping mats and sustained damages to her head and left hip. Plaintiff Scott Jordan alleges one count of state law loss of consortium.

Plaintiffs filed the instant motion to compel discovery on April 20, 2018. Specifically, Plaintiffs request that the Court compel Defendant to provide more complete answers to Plaintiffs' First Interrogatories Nos. 2, 10, and 14.[1]

## DISCUSSION

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). This phrase "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Armstrong v. Hussmann Corp.*, 163 F.R.D. 299, 302 (E.D.Mo. 1995) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Notably, the standard of relevance in the context of discovery is broader than in the context of admissibility at trial. *Hofer v. Mack Trucks*, 981 F.2d 377, 380 (8th Cir. 1992).

After the proponent of discovery makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1993). "A district court is afforded wide discretion in its handling of discovery matters." *Cook v. Kartridg Pak Co.*, 840 F.2d 602, 604 (8th Cir. 1988) (citation omitted).

Plaintiffs argue that their interrogatories seek information relevant to this premises liability lawsuit. To prevail in a slip and fall case, the plaintiff must prove: (1) a dangerous

---

[1] Plaintiffs also request that the Court compel Defendant to provide an executed signature page in connection with Defendant's answers to Plaintiffs' First Interrogatories and to provide answers to Plaintiffs' Second Interrogatories and Request for Production. Defendant represents to the Court that the signature page and responses sought have since been provided, and as such, those issues are now moot.

2

condition existed on the defendant's property which involved an unreasonable risk; (2) the defendant knew or by using ordinary care should have known of the condition; (3) the defendant failed to use ordinary care in removing or warning of the danger; and (4) the plaintiff was injured as a result. *Phillips v. Drury Sw., Inc.*, 524 S.W.3d 228, 230 (Mo. Ct. App. 2017). Missouri courts have defined "ordinary care" as the degree of care that an ordinarily careful person would use under the same or similar circumstances. *Roberson v. AFC Enterprises, Inc.*, 602 F.3d 931, 934 (8th Cir. 2010) (citing *Lopez v. Three Rivers Elec. Coop., Inc.*, 26 S.W.3d 151, 158 (Mo. 2000) (en banc)).

First Interrogatory No. 2

Plaintiffs' First Interrogatory No. 2 seeks any statements made by Plaintiffs that are contained in medical records obtained by Defendant pursuant to medical authorizations executed by Plaintiffs. Defendants objected on the basis that the records are equally or more available to Plaintiffs.

It is common practice for a party who obtains records with the authorization of the opposing party to provide copies of those records to opposing counsel within a reasonable period of time. Although nothing in the Federal Rules requires Defendant to provide copies absent a discovery request, a discovery request is present here. *See Washam v. Evans*, No. 2:10CV00150 JLH, 2011 WL 2559850, at *3 (E.D. Ark. June 29, 2011). Thus, the Court will order Defendant to produce copies of any medical records containing statements made by Plaintiffs. Providing Plaintiffs with a copy of any medical records obtained by Defendant will be deemed to comply with this order.

First Interrogatory No. 10

First Interrogatory No. 10 seeks the total number of Wal-Mart stores that Defendant operated at the time of the slip and fall.[2] Defendant objects that the information sought is irrelevant because the number of stores operated by Defendant has no bearing on its duty to Plaintiffs. Upon careful consideration and after weighing the proportionality factors under Rule 26, the Court will direct Defendant to fully respond to the interrogatory. While Defendant may disagree with Plaintiffs' argument that the size of Defendant is relevant to Defendant's duty of care to Plaintiffs, this information could have relevance on other issues including notice. Further, Defendant may argue its position on relevance and admissibility at a later stage in this lawsuit.

First Interrogatory No. 12

Interrogatory No. 12 seeks the number of incidents relating to slips or falls alleged to have occurred due to mats that have been reported against Defendant from February 16, 2011 through February 16, 2016. The interrogatory further seeks the name, address, and phone number of each customer involved in each incident, the store name and address, whether the incident involved an allegation of a slip or fall involving a mat, and the total indemnity paid.

Defendant objected on several grounds, arguing that evidence of prior accidents is inadmissible unless Plaintiff proves that the accident was sufficiently similar in time, place, or circumstances to the case at bar. Defendant also argues that the request exceeds the scope of permissible discovery, as it is not sufficiently limited in time, that the request infringes upon the privacy right of Defendant's customers, and that the request is unduly burdensome.

---

[2] The interrogatory itself seeks the number of stores that Wal-Mart Stores East, L.P. "was involved with," to which Defendant objected as vague. Plaintiffs clarified the phrase to mean "operated," and Defendant concedes that this clarification removes the vagueness and ambiguity of the term.

4

As noted previously, the standard of relevance in the context of discovery is broader than in the context of admissibility at trial. *Hofer*, 981 F.2d at 380. Therefore, even if Plaintiffs seek information of prior incidents that may not be admissible at trial, this is not sufficient to bar them from obtaining that information under the broad scope of Rule 26. Furthermore, the interrogatory is properly limited in time (five years) and scope (slips or falls alleged to have occurred due to mats). The Court also finds that the burden on Defendant to provide this information is outweighed by the probative value of the discovery sought.

However, the Court agrees with Defendant that the name, address, and telephone number of each customer involved in the incidents and the total indemnity paid involving all slip and falls is irrelevant. Therefore, the Court will order Defendant to answer First Interrogatory No. 12 stating the number of incidents relating to slip and falls alleged to have occurred due to mats that have been reported against Defendant from February 16, 2011 through February 16, 2016. Defendant will include the store name and address reporting each fall.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to compel discovery (Doc. No. 22) is **GRANTED in part and DENIED in part**, as set forth above.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

Dated this 14th day of May, 2018.

5